IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

MARTIN WHEELER,                          :
                                         :
          Petitioner,                    :
                                         :
VS.                                      :          1 : 13-CV-197 (WLS)
                                         :
WARDEN BRAD HOOKS,                       :
                                         :
          Respondent.                    :
_____:

## RECOMMENDATION

Petitioner filed with the Clerk this federal habeas corpus Petition pursuant to 28 U.S.C. § 2254 on December 20, 2013. (Doc. 1).   Presently pending before the Court is Respondent's Motion to Dismiss, wherein Respondent maintains that Petitioner has not exhausted his state remedies as to two grounds, and thus his "mixed Petition" should be dismissed.   (Docs. 12, 12-1). Petitioner has not responded to Respondent's Motion to Dismiss.

### Background

In September of 2007, Petitioner was found guilty of malice murder, felony murder, and aggravated assault in Grady County, and sentenced to life imprisonment.   (*See* Doc. 1); *Wheeler v. State*, 290 Ga. 817, 725 S.E.2d 580 (2012).   On March 23, 2012, the Georgia Supreme Court affirmed Petitioner's conviction and sentence.   *Wheeler*, 290 Ga. 817.   Plaintiff filed a state habeas corpus petition on November 19, 2012.   (Doc. 10-1).   An evidentiary hearing was held on February 27, 2013, and Respondent contends that the state habeas court has not ruled on Petitioner's state habeas petition.   (Docs. 10-2; 12-1).   On December 4, 2013, Petitioner signed this federal habeas Petition.   (Doc. 1).

### Discussion

"It has been settled since *Ex parte Royall*, 117 U.S. 241 (1886), that a state prisoner must

normally exhaust available state judicial remedies before a federal court will entertain his petition for habeas corpus." *Picard v. Connor*, 404 U.S. 270, 275 (1971). Petitioner's claims will be considered exhausted only after "the state courts [have been afforded] a meaningful opportunity to consider allegations of legal error without interference from the federal judiciary." *Vasquez v. Hillery*, 474 U.S. 254, 257 (1986). "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). Petitioner bears the burden of proving that he has exhausted available state remedies, and retains the burden to prove all facts relevant to the exhaustion requirement. *See Rose v. Lundy*, 455 U.S. 509, 520 (1982); *Lambert v. Blackwell*, 134 F.3d 506, 513 (3rd Cir. 1997); *Bethel v. Thomason*, 2011 WL 3320609, *2 (S.D. Ala., July 15, 2011); *Mack v. Singletary*, 142 F.Supp.2d 1369, 1375 (S.D. Fla. 2001).

In both his state and federal habeas petitions, Petitioner raises the following grounds for relief: (1) Counsel was ineffective when he (a) failed to depose a material witness, (b) failed to challenge the admittance of evidence of similar transactions, (c) failed to request and obtain independent D.N.A. analysis to challenge the state's findings, (d) operated under a conflict of interest, (e) failed to object and move for a mistrial during closing arguments, and (f) failed to object to the speculative evidence presented by Agent Rich; (2) The prosecutor introduced improper evidence of "similar transactions"; (3) The trial court erred by failing to excuse certain jurors for cause; (4) Petitioner's conviction was based on insufficient evidence; (5) Documents were presented at trial without being properly authenticated; (6) Material evidence of Petitioner's innocence has been discovered; and (7) Petitioner's due process rights were violated because he was not allowed to demonstrate his actual innocence. (Docs. 1, 10-1). Respondent contends that Petitioner has not exhausted Ground 1(a) and Ground 7, but has exhausted all other grounds

through his direct appeal.   (Doc. 12-1).

On direct appeal, Petitioner maintained that the trial court erred by admitting similar transaction evidence, by denying Petitioner's motion to strike two jurors for cause, and by admitting into evidence a letter purportedly written by the victim.   *Wheeler*, 290 Ga. 817. Petitioner alleged that his trial counsel was ineffective because he did not obtain independent DNA analysis, he operated under a conflict of interest, he failed to object and move for a mistrial during closing arguments, and he failed to object to certain testimony.   *Id.*   Petitioner also stated that his conviction should be overturned because newly discovered evidence established that he was not involved in the murder.   *Id.* at 819-820.

In order to satisfy this exhaustion requirement, "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts, or that a somewhat similar state-law claim was made."   *Anderson v. Harless*, 459 U.S. 4, 6 (1982).   Rather, Petitioner must present the state court with both the facts and the legal theories upon which he relies.   *Galtieri v. Wainwright*, 582 F.2d 348, 353 (5th Cir.1978).   State remedies may not be considered exhausted "even though the prior state proceeding technically asserted the same constitutional deficiency and the same facts are urged in a federal court but in support of a different legal theory."   *Hart v. Estelle*, 634 F.2d 987, 989 (5th Cir. 1981).

Petitioner has not exhausted Grounds 1(a) or 7.   Petitioner did not assert that his counsel was ineffective for failing to depose a material witness (Ground 1(a)) on direct appeal.   In Ground 7, Petitioner asserts that his due process rights were violated because he was not allowed to demonstrate his actual innocence.   On direct appeal, Petitioner alleged that his conviction should be overturned because there was evidence that he was actually innocent.   As Ground 7 of this federal Petition asserts a due process violation rather than a general request to have his conviction overturned, Petitioner has not exhausted his state remedies as to Ground 7.   *See Duncan v. Henry*,

513 U.S. 364, 365-66 (1995) ("If a habeas petitioner wishes to claim that [a] . . . ruling at a state court trial denied him due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.").

The Court further notes that it appears Petitioner has not exhausted Ground 1(b) or Ground 2. While Petitioner raised similar factual assertions during his direct appeal, Petitioner raised different legal theories. On direct appeal, Petitioner maintained that the trial court erred by improperly admitting evidence of similar transactions. In this federal habeas Petition, Petitioner asserts that his counsel was ineffective for failing to challenge the admittance of the evidence of similar transactions and that the prosecutor improperly admitted evidence of similar transactions. As Petitioner is now asserting ineffective assistance of counsel and prosecutorial error, not an error by the trial court, it appears he has not exhausted Grounds 1(b) or 2. *See Hart*, 634 F.2d at 989 (State remedies may not be considered exhausted "even though the prior state proceeding technically asserted the same constitutional deficiency and the same facts are urged in a federal court but in support of a different legal theory.").

Petitioner also filed a Motion to Stay, which was denied by the undersigned on February 10, 2014. (Docs. 8, 9). In his Motion to Stay, Petitioner requested the stay because he had not exhausted his state remedies. (Doc. 8). As such, Petitioner has acknowledged that he has failed to exhaust each of the grounds alleged in his Petition.

In regard to mixed petitions (petitions containing both exhausted and unexhausted grounds), the Eleventh Circuit Court of Appeals has ruled that "the ordinary disposition is to either dismiss it in its entirety, or grant a stay and abeyance." *King v. Chase*, 384 Fed. Appx. 972, 974 (11th Cir. 2010). Pursuant to the dictates of *Rhines v. Weber*, 544 U.S. 269 (2005), "[a] district court should grant a stay and abeyance if (1) the petitioner had 'good cause' for failing to exhaust the claims in state court; (2) the unexhausted claims are potentially meritorious; and (3) 'there is no indication

4

that the petitioner engaged in intentionally dilatory litigation tactics.'" *Thompson v. Sec'y. for the Dep't. of Corr.*, 425 F.3d 1364, 1365-66 (11th Cir. 2005) (quoting *Rhines*, 544 U.S. at 277-79). The stay and abeyance procedure, however, should only be used in these limited circumstances. *Rhines*, 544 U.S. at 277.

Petitioner has not shown good cause as to why he failed to exhaust all the grounds alleged in this federal habeas Petition in state court, nor has he established that his claims are potentially meritorious or that he did not intentionally engage in dilatory litigation practices in failing to bring the claims at the state level. The Court finds an inadequate basis upon which to issue a stay and hold this Petition in abeyance. *See Pruitt v. Jarriel*, 2008 WL 4660958 (S.D.Ga. Oct. 21, 2008) (finding mixed habeas petition should be dismissed rather than stayed based on lack of showing of good cause for failure to exhaust).

Additionally, there is no indication that "dismissal of the entire petition would unreasonably impair the petitioner's right to obtain federal relief", thereby obviating the need to allow Petitioner to choose to delete the unexhausted claims. *Rhines*, 544 U.S. at 278 (noting that if dismissal of entire petition would impair the petitioner's right to obtain federal relief, the court should allow petitioner to delete unexhausted claims and proceed with exhausted claims). In fact, the state habeas court appears to be in the process of reviewing all the claims alleged in Petitioner's federal habeas Petition.

As Petitioner has failed to exhaust available state court remedies regarding four Grounds raised in this federal habeas Petition, but has arguably exhausted the remaining eight Grounds, it is the recommendation of the undersigned that Respondent's Motion to Dismiss be **GRANTED** and that this mixed federal habeas corpus Petition be **DISMISSED** without prejudice to the Petitioner's right to refile once he has exhausted the remedies available to him in the state court

system.   Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this Recommendation with the Honorable W. Louis Sands, United States District Judge, WITHIN FOURTEEN (14) DAYS after being served with a copy of this Recommendation.

The undersigned finds no substantial showing of the denial of a constitutional right.   28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000).   Therefore, it is recommended that the Court deny a certificate of appealability in its Final Order.   If the Petitioner files an objection to this Recommendation, he may include therein any arguments he wishes to make regarding a certificate of appealability.

**SO RECOMMENDED**, this 28th day of May, 2014.

s/ ***THOMAS Q. LANGSTAFF***
UNITED STATES MAGISTRATE JUDGE

llf